*401 OPINION.
Littleton:
Petitioner occupied the Eagle Street Warehouse and used it in carrying on its business without having a lease for any stated period of time; its tenancy was indefinite, no arrangement being made between it and the owner of the property as to such occupancy, other than that petitioner should pay monthly rental of $1,150 which apparently had no relation to the improvements in question. The owner of the building was a stockholder of the corporation and her husband owned more than 50 per cent of petitioner’s outstanding stock but, regardless of this fact, we think under the facts in this proceeding that the Commissioner was correct in allowing petitioner a deduction in the taxable year of only a reasonable allowance for the exhaustion of the cost of improvements on the basis of the useful life. The additions and improvements in question had a useful life in petitioner’s business of more than a year and were of a capital nature. In order, therefore, for petitioner to become entitled to a deduction in the taxable year on account of the expenditure in question of an amount in excess of a reasonable allowance for the exhaustion, wear and tear thereof, it must be clearly shown that the use of such improvements in petitioner’s business will terminate prior to the end of their ordinary useful life. This has not been shown. The duration of petitioner’s tenancy .of the building was indefinite and indeterminable. It occupied the premises at the will of the lessor and until it appears that petitioner’s tenancy will end at some definite time, it is entitled to a deduction in the taxable year of no more than a reasonable allowance for the exhaustion of the cost of improvements over the useful life thereof. If petitioner’s tenure extends over the period of the useful life of the improvements it will have recovered its cost through the annual allowance for exhaustion; if the tenure should for any reason terminate prior to the useful life of the improvements petitioner will then be entitled to a deduction from gross income of the unextin-guished cost of such improvements. In either event petitioner will have obtained the deduction to which, under the statute, it is entitled. Walle & Co., Ltd., 1 B. T. A. 1064. Sentinel Publishing Co., 2 B. T. A. 1211. Thatcher Medicine Co., 3 B. T. A. 154. William Scholes & Sons, Inc., 3 B. T. A. 598. William Greilich & Sons, Inc., 3 B. T. A. 1333.

Judgment will be entered for the respondent.